Usama Kahf (SBN 266443)
E-Mail: ukahf@fisherphillips.com
Caroline S. Scala (SBN 286495)
E-Mail: cscala@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.
(erroneously sued as FEDEX GROUND)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VERONICA BURGESS-JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>*[Removed from San Bernardino County Superior Court, Case No. CIV SB 2116776]*<br><br>**NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446**<br><br>FAC Filed: July 9, 2021<br>Trial Date: None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF VERONICA BURGESS-JONES AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground") (erroneously sued as FEDEX GROUND), through its counsel of record, respectfully petitions for removal of the action filed by Plaintiff VERONICA BURGESS-JONES ("Plaintiff") from the Superior Court of the State of California, in and for the County of San Bernardino, Case No. CIV SB 2116776, to the United States District Court for the Central District of

California – Eastern Division. This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Petition for Removal is supported by the Declaration of Eugene Banks and exhibits filed concurrently herewith. The basis for removal is complete diversity of citizenship of the parties and FedEx Ground provides the following information in support thereof:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On June 9, 2021, Plaintiff filed an unverified Complaint against FedEx Corporation in the Superior Court of the State of California, County of San Bernardino, identified as Case No. CIV SB 2116776, *Veronica Burgess-Jones v. FedEx Corporation; and Does 1 through 100, inclusive* ("State Court Action"). FedEx Corporation is a separate and different entity from FedEx Ground. Plaintiff did not name FedEx Ground as a defendant in this case until she filed an unverified First Amended Complaint ("FAC") on July 9, 2021 and changed the caption to include "FEDEX GROUND" as a named Defendant. A true and correct copy of the FAC is attached hereto as **Exhibit 1**.

2. In her FAC, Plaintiff alleges five causes of action against FedEx Ground: (1) Discrimination and Wrongful Termination in Violation of FEHA on Basis of Disability; (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Accommodate Disability in Violation of FEHA; (4) Failure to Engage in the Interactive Process; (5) Failure to Provide Payroll & Personnel Records. *See* **Ex. 1**. Plaintiff seeks (1) economic damages; (2) non-economic damages; (3) interest; (4) penalties under applicable labor code sections; (5) general damages; (6) special damages; (7) prejudgment and post-judgment interest; (8) costs of suit, with interest; (9) costs and reasonable attorney's fees; (10) punitive and exemplary damages; (11) such other and further relief that the court shall deem just and proper. *See* **Ex. 1** at p. 9-10, Prayer for Relief ¶¶ 1–11.

//

2
NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446
FP 41610410.1

3. Service of the FAC on FedEx Ground was not effective until August 19, 2021, when FedEx Ground executed a Notice of Acknowledgment of Receipt ("NAR") and served it on Plaintiff. Declaration of Eugene Banks ("Banks Decl.") ¶ 9. Plaintiff's counsel had previously, on July 30, 2021, sent FedEx Ground's counsel the FAC, Summons, and Civil Cover Sheet along with the NAR, which provided FedEx Ground twenty (20) days to sign and return the NAR and effect service of the FAC and Summons. *Id*. A Certificate of Assignment, Notice of Return of Documents, Notice of Trial Setting Conference, and Notice of Case Assignment appear on the state court docket but were not previously served on FedEx Ground. *Id*. A true and correct copy of the Summons, Civil Case Cover Sheet, NAR, Certificate of Assignment, Notice of Return of Documents, and Notice of Trial Setting Conference is attached hereto as **Exhibit 2**.

4. Defendants "DOES 1 through 100, inclusive" have not been identified and there is no record that any Doe defendants have been served with the Summons or the FAC in the State Court Action.

5. FedEx Ground filed an Answer and Affirmative Defenses to the FAC on September 17, 2021. A true and correct copy of FedEx Ground's Answer and Affirmative Defenses is attached hereto as **Exhibit 3**.

6. No further proceedings have been had in the state court as of the date of this Notice. The FAC, Summons, Civil Case Cover Sheet, NAR, Certificate of Assignment, Notice of Return of Documents, Notice of Trial Setting Conference, and Answer and Affirmative Defenses constitute all process, pleadings, and orders served upon or by FedEx Ground in the State Court Action. By signing this Notice of Petition for Removal, counsel for FedEx Ground verifies that the items attached as **Exhibits 1–3** are true and complete copies of the process, pleadings and orders in the State Court Action.

7. This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of the execution of the Acknowledgment

of Receipt of the State Court Action by FedEx Ground, which was August 19, 2021, and within one year of the date the State Court Action was filed. Banks Decl. ¶ 9.

## **DIVERSITY JURISDICTION**

8. **Basis of Original Jurisdiction.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1). As set forth below, 28 U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

9. **Complete Diversity.** Diversity of citizenship exists in this matter because FedEx Ground is incorporated in the State of Delaware and its principal place of business is Moon Township, in the State of Pennsylvania, and Plaintiff is a citizen of the State of California. Banks Decl. ¶¶ 5, 7–8.

10. **Plaintiff's Citizenship.** Based on records kept and maintained by FedEx Ground, Plaintiff was domiciled in the State of California at the time this action commenced and at the time of removal. Banks Decl. ¶ 5. The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted.... This presumption has been widely accepted, including by this [the Ninth] circuit."). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, a person is a citizen of the State where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence

of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013), citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."). Plaintiff therefore is, and at all times since the commencement of this action has been, a citizen of California.

11. **FedEx Ground's Citizenship.** At the time Plaintiff filed the FAC in the San Bernardino County Superior Court, FedEx Ground was (and remains) a citizen of States other than California. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). FedEx Ground is incorporated in the State of Delaware. Banks Decl. ¶ 7. Under the "nerve center" test, FedEx Ground's "principal place of business" is Moon Township, Pennsylvania:

    a. FedEx Ground maintains its headquarters in Moon Township, Pennsylvania. Banks Decl. ¶ 8.

    b. Moon Township, Pennsylvania is where FedEx Ground's officers direct, control, and coordinate FedEx Ground's business activities. Banks Decl. ¶ 8.

    c. FedEx Ground's headquarters in Moon Township, Pennsylvania is the location of FedEx Ground's executive and administrative offices, including its corporate finance, accounting, human resources, information technology, and legal departments. Banks Decl. ¶

    d. FedEx Ground's headquarters in Moon Township, Pennsylvania is the location of FedEx Ground's senior executives, including FedEx Ground's chief executive officer, chief operating officer, chief financial officer, and general counsel. Banks Decl. ¶ 8.

12. **Doe Defendants Are Disregarded For Purposes Of Removal.** Defendants DOES 1 through 100, inclusive, are fictitious. The FAC does not set forth the identity or status of any of the fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

13. Based on the foregoing, Plaintiff and FedEx Ground are citizens of different States. 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

14. **The Amount In Controversy Exceeds $75,000.** In the absence of a "good faith" demand on the face of the state court complaint, the defendant may show "by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). FedEx Ground, however, is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*, 116 F.3d at 377. Here, the allegations of the FAC demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount

in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

15. While FedEx Ground denies any liability as to Plaintiff's claims, FedEx Ground can satisfy its burden of showing that the jurisdiction threshold of $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

16. Though FedEx Ground denies that Plaintiff is entitled to any damages, Plaintiff seeks (1) economic damages; (2) non-economic damages; (3) interest; (4) penalties under applicable labor code sections; (5) general damages; (6) special damages; (7) prejudgment and post-judgment interest; (8) costs of suit, with interest; (9) costs and reasonable attorney's fees; (10) punitive and exemplary damages; (11) such other and further relief that the court shall deem just and proper. *See* **Ex. 1** at p. 9-10, Prayer for Relief ¶¶ 1–11. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and

attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

17. Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a. **Plaintiff's Lost Wages as a Package Handler.** Plaintiff alleges that as a result of FedEx Ground's conduct, she is entitled to "economic damages" and "special damages". (**Ex. 1** at p. 9-10, Prayer for Relief ¶¶ 1, 6). Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq.*, all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Here, Plaintiff was employed as a Package Handler and had been earning $17.54 per hour and working approximately 7 hours per week. Banks Decl. ¶¶ 4, 6. At the time she last worked for FedEx Ground in April 2021, Plaintiff was earning approximately $491.12 per month. Banks Decl. ¶¶ 4, 6. Plaintiff alleges, however, that she was wrongfully terminated on or around April 8, 2021. **Ex. 1** at p. 3, ¶¶ 14-15. Thus, Plaintiff is seeking approximately 5 months of lost wages as of the date of this removal petition, and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 17 months of lost wages, or $8,349.04 ($491.12 per month x 17 months). This amount does not take into account

any future lost wages Plaintiff may claim.

b. **Plaintiff's Special and General Damages for Emotional Distress.** Plaintiff alleges that, as a result of FedEx Ground's alleged conduct toward her, "…[she] has and is suffering from [e]mbarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing [her] extreme physical and emotional pain, all to her general damage in such amount as may be proven at trial." **Ex. 1** at p. 6, ¶ 37. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases."). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone. *See, e.g., Wang v. Reese Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Dkt. BC341480, 2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying

discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence...that the plaintiff suffered heightened mental anguish"). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

      c.    **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. **Ex. 1** at p. 10, Prayer for Relief ¶ 9. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). FedEx Ground anticipates that depositions will be taken in this case and that FedEx Ground may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual

employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

   d. **Plaintiff's Claimed Punitive Damages.** Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that FedEx Ground's actions were "willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights." **Ex. 1** at p. 9, ¶ 57; **Ex. 1** at p. 18, Prayer for Relief ¶ 10. Punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Although Plaintiff's claim for punitive damages appears to be weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases." *See Simmons*, 209 F. Supp. 2d at 1033. Therefore, Plaintiff's request for punitive damages weighs in favor of

establishing the amount in controversy.

18. Based on the foregoing, there is ample evidence that the amount in controversy, based on Plaintiff's own pleadings and the totality of Plaintiff's claims, easily exceeds the minimum threshold of $75,000.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

19. **Venue and Intradistrict Assignment.** Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Eastern Division of the Central District of California) embraces the San Bernardino County Superior Court, which is where Plaintiff's FAC was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

20. **Notice of Removal.** As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.

21. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on FedEx Ground or filed by FedEx Ground are attached to this Notice of Petition for Removal as **Exhibits 1–3**.

//

//

## CONCLUSION

Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and FedEx Ground is a citizen of Delaware and Pennsylvania. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and FedEx Ground has properly removed the State Court Action to this Court. FedEx Ground reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

## PRAYER FOR REMOVAL

WHEREFORE, FedEx Ground prays that the State Court Action be removed from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California (Eastern Division).

DATE: September 20, 2021         FISHER & PHILLIPS LLP


By: /s/ Caroline S. Scala
    USAMA KAHF
    CAROLINE S. SCALA
    Attorneys for Defendant
    FEDEX GROUND PACKAGE SYSTEM, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; I am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On September 20, 2021, I served the foregoing document entitled **DEFENDANT'S CERTIFICATE OF SERVICE OF NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Narak Mirzaie, Esq.<br>M LAW ATTORNEYS, APC<br>680 East Colorado Blvd., Suite 180<br>Pasadena, CA 91101<br>Tel: (626) 626-4422<br>Email: litigation@mlawattorneys.com | Attorneys for Plaintiff<br>VERONICA BURGESS-JONES |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2021 in Irvine, California.

| Jill McIntee | By: | */s/ Jill McIntee* |
|---|---|---|
| Print Name | | Signature |